1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VYTENIS BABRAUSKAS,

         Plaintiff,

     v.

PARAMOUNT EQUITY MORTGAGE, *et al.*,

         Defendants.

Case No.  C13-0494RSL

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS TO
DISMISS

     This matter comes before the Court on "Defendant Paramount Equity Mortgage's Motion to Dismiss" (Dkt. # 14) and "Defendants CitiMortgage; Mortgage Electronic Registration Systems, Inc.; Boston Private Bank and Trust Company; and Charter Bank's Motion to Dismiss" (Dkt. # 16) pursuant to Fed. R. Civ. P. 12(b)(6).  Having reviewed the memoranda and exhibits submitted by the parties,[1] the Court finds as follows:

**BACKGROUND**

     In January 2008, plaintiff executed a promissory note for $1,363,000.00, payable to the order of defendant Paramount Equity Mortgage.  Dkt. # 16, Ex. A.  The note was secured by a deed of trust on real property located at 9000 300th Place SE, Issaquah, Washington.  Dkt. # 16, Ex. B.  The deed of trust lists Paramount as the lender, Ticor Title Company as the trustee, and defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as both the beneficiary

---

[1] The parties have waived their request for oral argument.

1  of the trust and the "nominee" for the lender.  Plaintiff alleges that he contacted Paramount for a

2  loan in response to an advertisement that offered free appraisals and low interest rates.

3  Plaintiff alleges that the appraisal performed on the property by nonparty Real

4  Values Real Estate Services was artificially inflated to justify a higher loan amount and generate

5  more fees for Paramount and that Paramount charged grossly inflated fees to make up any costs

6  it incurred in providing "free" appraisals.  Plaintiff further alleges that his loan was subsequently

7  transferred a number of times, that his loan servicer changed, and that he received notice of some

8  or all of these transfers.  In July 2010 and again in September 2012, MERS attempted to assign

9  its interest in the deed of trust to Charter Bank (the predecessor of defendant Boston Private

10  Bank and Trust Company) and defendant CitiMortgage, respectively.  Plaintiff alleges that

11  defendant California Reconveyance Company is the current trustee under the deed of trust.  On

12  July 18, 2012, defendant CitiMortgage sent plaintiff a letter entitled "Notice of Pre-Foreclosure

13  Options" in its role as servicer of the loan.  Although plaintiff does not allege that he is in default

14  on his loan, that fact can be reasonably inferred from the allegations regarding a "Notice of Pre-

15  Foreclosure Options," the lack of a "Notice of Default that complies with the Washington Deed

16  of Trust Act," and plaintiff's alleged injuries.  First Amended Complaint (Dkt. # 12) at ¶¶ 3.16,

17  3.17, and 4.6.

18  Plaintiff filed this action in state court on February 12, 2013.  He alleges that

19  Paramount's loan origination practices, MERS' involvement in the original deed of trust, and the

20  subsequent defects in assignments give rise to claims under the Washington Consumer

21  Protection Act ("CPA") and/or the Washington Deed of Trust Act ("DTA").  Plaintiff also

22  asserts claims of fraud, breach of the covenant of good faith and fair dealing, and quiet title.

23  Defendants seek dismissal of all of plaintiff's claims under Rule 12(b)(6).

24

25

26

ORDER GRANTING IN PART
MOTIONS TO DISMISS - 2                    -2-

**DISCUSSION**

**A.    Standard for Motion to Dismiss**

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  The question for the Court is whether the well-pled facts in the complaint and judicially-noticed documents sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

**B.    Consumer Protection Act Claim Against All Defendants**

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020.  A private cause of action exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property.  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).  The CPA does not define "unfair or deceptive" for purposes of the first element. Whether an act is unfair or deceptive is a question of law.  Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150 (1997).  Washington courts have held that a deceptive act must have the capacity to deceive a substantial portion of the population (Sing v. John L. Scott, Inc., 134 Wn.2d 24, 30 (1997)) and "misleads or misrepresents something of material importance" (Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC, 134 Wn. App. 210, 226 (2006)).

1    Plaintiff alleges that three of the named defendants engaged in "unfair or

2  deceptive" acts under the CPA as follows:  (1) Paramount falsely advertised a "free" appraisal,

3  charged grossly inflated fees for services it did not provide, and allowed MERS to represent

4  itself as the beneficiary of the deed of trust; (2) MERS repeatedly represented itself as the

5  beneficiary in the deed of trust and recorded documents; (3) Charter Bank allowed MERS to

6  represent itself as the beneficiary, and (4) Paramount, MERS, and Charter Bank violated the

7  Washington Deed of Trust Act.[2]  Each contention is considered below.

8    **(1)  Misrepresentations Made in Advertising and Closing Loan**

9    Plaintiff asserts three types of unfair or deceptive practices against Paramount in

10 the origination of the loan.  First, plaintiff alleges that Paramount falsely advertised that it would

11 provide free appraisals.  Second, plaintiff alleges that Paramount charged fees at closing for

12 services it did not perform and/or that were grossly inflated.  Finally, plaintiff alleges that the

13 appraised amounts were intentionally inflated to justify higher loan values and increase fees.

14    In moving to dismiss the CPA claim regarding the first and second allegedly

15 deceptive practices, Paramount ignores the factual allegations of the First Amended Complaint

16 to argue that ¶ 4.3 is conclusory and fails to state a plausible claim for relief.  Because

17 Paramount fails to address plaintiff's actual allegations, the argument is unpersuasive.  Taken

18 together, the allegations fairly state a claim that Paramount, in the course of its business,

19 deceptively advertised "free" appraisals and then charged bogus or inflated fees for other

20 services to make back the costs of the appraisals.  Under this theory, the appraisals were not free

21 at all:  their costs were simply shifted to other line items.  Reading the allegations of the

22 complaint in the light most favorable to plaintiff, this practice was deceptive, occurred in trade

23

24    [2]  In his opposition, plaintiff asserts that defendants Boston Private Bank and CitiMortgage also engaged

25 in unfair and deceptive acts.  These claims are not asserted in the First Amended Complaint, however, and
   plaintiff may not add them to the case through his opposition.  Even if the newly-asserted claims are considered

26 on their merits, they fail because, as discussed in the text, defendants' authority to act comes from possession of
   the original note, not the defective assignments of interest from MERS.

ORDER GRANTING IN PART
MOTIONS TO DISMISS - 4            -4-

1    or commerce, impacted the public interest, and caused monetary loss.

2            Plaintiff's third deceptive practice – the intentional procurement of inflated

3    appraisals in order to increase the loan amount and/or fees – does not give rise to a plausible

4    claim for relief, however.  Plaintiff does not allege facts giving rise to a plausible inference that

5    Paramount could be held responsible for appraisals performed by a third party or that the values,

6    inflated or not, increased the loan amount or generated additional fees.  Plaintiff's allegation that

7    the higher appraised value resulted in an excessive settlement amount in his divorce proceeding

8    is simply not actionable.  Even if the appraisal were artificially inflated and Paramount could be

9    held responsible for the misstatement, plaintiff's apparent decision to utilize the appraisal to

10   establish a settlement amount in his divorce proceeding is too remote and unforeseeable to be

11   proximately caused by the alleged deceptive act.  Indoor Billboard/Wash., Inc. v. Integra

12   Telecom of Wash., Inc., 162 Wn.2d 59, 81-82 (2007).

13          **(2)  False Designation of MERS as the Beneficiary**

14          With regards to the claims based on the false designation of MERS as the

15   beneficiary of the deed of trust, the Washington Supreme Court has determined that

16   characterizing a non-holder (in this case, MERS) as the beneficiary in the deed of trust when

17   MERS was not the lender and did not, and would not, have actual possession of the note has the

18   capacity to deceive and is therefore an "unfair or deceptive act" for purposes of a CPA claim.

19   Bain v. Metropolitan Mortg. Group, Inc., 175 Wn.2d 83, 117 (2012).[3]  The Court will assume,

20   for purposes of this motion, that MERS and Paramount  worked in concert to generate and

21   record the deed of trust and that both of them can be held responsible for the unfair and

22   deceptive representation.  Plaintiff does not explain what unfair or deceptive act Charter Bank

23   performed, however.  Charter Bank had nothing to do with the false beneficiary designation in

24   _____

25          [3]  The Supreme Court also found that the third element, public interest, was presumptively met because
26   MERS "is involved with an enormous number of mortgages in the country (and our state), perhaps as many as
     half nationwide."  Bain, 175 Wn.2d at 118.

1  the origination of the loan, and plaintiff has not alleged any facts showing that Charter Bank

2  improperly represented itself as the beneficiary thereafter.  The defect in MERS' authority to

3  assign the beneficial interest does not void the deed of trust or otherwise preclude its

4  enforcement.  See infra at 9.  Charter Bank's claim to beneficiary status for purposes of the DTA

5  comes not from MERS' purported assignment – defective or not – but rather from its physical

6  possession of plaintiff's original note.  Absent factual allegations suggesting that Charter Bank

7  was not the beneficiary as represented, plaintiff has failed to allege an unfair or deceptive act on

8  its part.

9          Although plaintiff has identified an unfair or deceptive act as to MERS, he has

10  not alleged facts raising a plausible inference of liability under the CPA.  Plaintiff must also

11  allege injury arising from the deceptive act.  In this regard, plaintiff alleges that MERS'

12  identification as the beneficiary on the deed of trust and its subsequent assignment of whatever

13  interest it may or may not have had to Charter Bank and CitiMortgage increased the threat of

14  foreclosure, damaged plaintiff's credit, clouded his title, and caused him to incur attorney's fees

15  and costs in this lawsuit.

16          "Personal injuries, as opposed to injuries to 'business or property,' are not

17  compensable and do not satisfy the injury requirement."  Panag v. Farmers Ins. Co. of Wash.,

18  166 Wn.2d 27, 57 (2009).  Plaintiff may not, therefore, recover for any emotional distress

19  caused by defendants' deceptive acts.  To the extent plaintiff's "threat of foreclosure" allegation

20  is based on the distress or concern caused by the possibility of foreclosure, it is not compensable

21  under the CPA.

22          Any damage to plaintiff's credit, cloud on his title, or monetary effect of the threat

23  of foreclosure cannot be laid at MERS' door.   "[P]laintiff must establish that, but for the

24  defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."  Indoor

25  Billboard, 162 Wn.2d at 84.  Plaintiff has not alleged facts raising the plausible inference that,

26  but for MERS' identification as the beneficiary on the deed of trust and its ineffective

1 assignments of interest, plaintiff would not have suffered the adverse impacts of which he

2 complains.  Rather, plaintiff's failure to meet his debt obligations is the "but for" cause of the

3 default, the threat of foreclosure, any adverse impact on his credit, and the clouded title.  That is

4 not to say that the misidentification of a party as the beneficiary will never give rise to

5 compensable damages under the CPA.  If, for example, the borrower's attempts to negotiate a

6 modification fail because he is bargaining with the wrong entity or the borrower incurs costs

7 while trying to locate the actual holder of the original promissory note, a claim may exist.

8 Plaintiff has not, however, alleged facts showing that the misidentification itself caused any of

9 the injuries alleged in the complaint.

10         Finally, the fees and costs incurred in litigating the CPA claim cannot satisfy the

11 injury to business or property element:  if plaintiff were not injured prior to bringing suit, he

12 cannot engineer a viable claim through litigation.  Sign-O-Lite Signs, Inc. v. DeLaurenti

13 Florists, Inc., 64 Wn. App. 553, 563-64 (1992).

14         Plaintiff has not, therefore, asserted a viable cause of action under the CPA

15 regarding the representation that MERS was the beneficiary.

16         **(3) Deed of Trust Act Violations**

17         Plaintiff offers no support for his theory that a violation of the DTA is a per se

18 violation of the CPA.  Even if that were the case, plaintiff has not shown a violation of that

19 statute, as discussed below.

20 **C.    Fraud and Intentional Misrepresentation Claim Against All Defendants**

21         Plaintiff's fraud claim is based on the assertion that all defendants "had actual

22 knowledge that their written statements as to alleged ownership of Plaintiff's mortgage loans and

23 the legal entitlement to demand monies from Plaintiff[] and institute foreclosure proceedings

24 were false."  First Amended Complaint (Dkt. # 12) at ¶ 5.2.  Plaintiff has alleged with the

25 particularity required by Fed. R. Civ. P. 9(b) only one oft-repeated misrepresentation:  that

26 MERS was the beneficiary of the deed of trust.  Other defendants' alleged representations

1  regarding their beneficiary status are either not alleged to be false under Washington law (as to

2  Charter Bank and Boston Private Bank and Trust Company) or are not alleged with particularity

3  (as to CitiMortgage and California Reconveyance Company).  Plaintiff's insistence that MERS'

4  involvement somehow strips subsequent holders of beneficiary status is simply incorrect.  With

5  regards to the representation regarding MERS' status as beneficiary, plaintiff has not alleged that

6  he relied on that representation (as opposed to relying on subsequent holders' and servicer's

7  representations that they had the right to collect payments on the note) or that he suffered

8  damages caused by MERS' misrepresentation.

9  **D.    Deed of Trust Act Claim Against All Defendants**

10        In Washington, a trustee may foreclose upon a deed of trust containing the power

11  of sale without judicial oversight as long as the statutory requirements of the DTA are satisfied.

12  Walker v. Quality Loan Serv. Corp., 308 P.3d 716, 720 (Wn. App. 2013).  Plaintiff has not

13  alleged that a nonjudicial foreclosure has been initiated or is imminent:  no Notice of Default or

14  other statutory precursor to a sale has yet occurred.  The transfers and assignments that have so

15  far occurred in this case relate to the on-going servicing and ownership of the loan, activities not

16  regulated under the DTA.  Plaintiff's claims under the DTA therefore fail as a matter of law.[4]

17  **E.    Breach of Covenant of Good Faith and Fair Dealing Against MERS, Paramount, and Charter Bank**

18        The implied covenant of good faith and fair dealing "obligates the parties to

19
20  cooperate with one another so that each may obtain the full benefit of performance."  Badgett v.

21  Sec. State Bank, 116 Wn.2d 563, 569 (1991).  The duty relates only to performance of specific

22  contract terms:  there is no "free-floating" duty of good faith that attaches during negotiations or

23  that injects new substantive obligations into an existing contract.  Id. at 569-70.  Plaintiff's

24  _____

25  [4] On October 10, 2013, defendant Boston Private Bank and Trust Company notified the Court that the
26  original note had been lost during the course of this litigation.  It has since been found.  Although the temporary absence of the note might have precluded efforts to conduct a nonjudicial foreclosure under the DTA in the interim, it does not alter the outcome of this case.

ORDER GRANTING IN PART
MOTIONS TO DISMISS - 8                -8-

1    claims against Paramount apparently relate to the negotiation of a contract, not its performance.

2    As to the other defendants, plaintiff has not identified any term of the note or deed of trust with

3    which defendants interfered in bad faith.  Plaintiff has failed to allege facts giving rise to a

4    plausible claim that defendants could be liable for a breach of the covenant of good faith and fair

5    dealing.

6    **F.  Quiet Title Claim Against All Defendants**

7            Plaintiff's quiet title claim is based on the theory that MERS' involvement in the

8    origination of the loan irreparably separated the note from the deed of trust, destroying any

9    security interest defendants may have had in the subject property.  "[A]n action to quiet title is

10   an equitable proceeding that is designed to resolve competing claims of ownership to property.

11   It is a long-standing principle that the plaintiff in an action to quiet title must succeed on the

12   strength of his own title and not on the weakness of his adversary."  Bavand v. OneWest Bank,

13   F.S.B., 309 P.3d 636, 650 (Wn. App. 2013) (internal quotation marks and footnotes omitted).

14   Plaintiff does not allege (1) that he has discharged the underlying debt or (2) any other facts that

15   might entitle him to a declaration that title resides in him.  Rather, plaintiff argues that the Court

16   should invalidate a consensual security interest against his property because of a defect in the

17   instrument creating the lien, namely the designation of an ineligible entity as beneficiary of the

18   deed of trust.

19           The exact same situation was presented in Walker, 308 P.3d at 729.  The

20   Washington Court of Appeals noted the lack of any authority "recognizing this defect as a basis

21   to void a deed of trust" and found no equitable reason to allow the borrower to invalidate the

22   security interest in the circumstances presented.  In Bain, the Washington Supreme Court

23   declined to decide the legal effect of designating MERS as the beneficiary in the deed of trust,

24   but noted that neither law nor public policy justified voiding the deed of trust:  rather, "the

25   equities of the situation would likely (though not necessarily in every case) require the court to

26   deem that the real beneficiary is the lender whose interests were secured by the deed of trust or

1   that lender's successors." <u>Bain</u>, 175 Wn.2d at 111 and 114.

2            Having failed to allege facts raising a plausible inference that plaintiff has satisfied

3   the loan obligation or is otherwise entitled to free and clear title to the property, plaintiff's quiet

4   title claim is defective.

5   **G.  Leave to Amend**

6            Although all claims against MERS, Charter Bank, Boston Private Bank and Trust

7   Company, CitiMortgage, and California Reconveyance Company will be dismissed, this action

8   continues as to Paramount Equity Mortgage.  In this context, leave to amend will not be blindly

9   granted.  If plaintiff believes he can, consistent with his Rule 11 obligations, amend the

10  complaint to remedy the pleading and legal deficiencies identified above, he may file a motion to

11  amend and attach a proposed pleading for the Court's consideration.

12

13           For all of the foregoing reasons, Paramount's motion to dismiss (Dkt. # 14) is

14  GRANTED in part and DENIED in part.  Plaintiff may proceed on his CPA claim against

15  defendant Paramount.  All other causes of action and defendants other than Paramount are

16  DISMISSED.  The other defendants' motion to dismiss (Dkt. # 16) is GRANTED in its entirety.

17

18           Dated this 23rd day of October, 2013.

19

20                                         Robert S. Lasnik
                                           United States District Judge
21

22

23

24

25

26

ORDER GRANTING IN PART
MOTIONS TO DISMISS - 10                    -10-