UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VYTENIS BABRAUSKAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PARAMOUNT EQUITY MORTGAGE, *et al.*,<br><br>　　　　Defendants. | Case No. C13-0494RSL<br><br>ORDER GRANTING PARAMOUNT EQUITY'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant Paramount Equity Mortgage, LLC's, Motion for Summary Judgment Pursuant to FRCP 56(c)." Dkt. # 33. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

In January 2008, plaintiff executed a promissory note for $1,363,000.00, payable to the order of defendant Paramount Equity Mortgage. Dkt. # 16, Ex. A. Plaintiff contacted Paramount for a loan in response to an advertisement that offered free appraisals and low interest rates. Plaintiff alleges that the appraisal performed on the property by nonparty Real Values Real Estate Services was artificially inflated to justify a higher loan amount and generate more fees for Paramount and that Paramount charged grossly inflated fees to make up any costs it incurred in providing "free" appraisals. The Court has already dismissed all of plaintiff's claims

---

[1] This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER GRANTING PARAMOUNT EQUITY'S
MOTION FOR SUMMARY JUDGMENT - 1

except a Consumer Protection Act ("CPA") claim related to the alleged practice of advertising "free" appraisals and then charging bogus or inflated fees for other services to make back the costs of the appraisals. In particular, the Court dismissed plaintiff's claim related to the appraisal itself because the allegations did not give rise to a plausible inference that Paramount could be held responsible for appraisals performed by a third party or that the values, inflated or not, increased the loan amount, generated additional fees, or otherwise injured plaintiff.

Plaintiff's only remaining claim is time-barred. Plaintiff knew, on or before the date the loan closed, that Paramount was charging significant fees for a laundry list of services, totaling $13,096.50. Although the discovery rule applies, plaintiff states only that he "had no idea that Paramount was engaging in deceptive acts" when he signed the loan document and that he did not learn that he had been overcharged until his divorce proceeding in 2010. Decl. of Vytenis Babrauskas (Dkt. # 38) at ¶¶ 2 and 7. No specifics are given regarding which charges were bogus or inflated or what was revealed in the oft-mentioned Department of Financial Institutions' statement of charges. At most, it appears that plaintiff believes the total amount charged was simply too much for the constellation of services rendered. The amounts and the services were clearly specified prior to closing, however, and there is no indication that plaintiff only recently discovered that Paramount did not provide administrative services, for example, or that those services should have cost less than $595. While the Court is cognizant of the fact that inflation of closing costs may occur and may be difficult to detect, plaintiff has not provided any evidence of inflation other than the large amounts charged. Because those amounts were known more than four years ago, the claim is time-barred under RCW 19.86.120.

For all of the foregoing reasons, Paramount's motion for summary judgment (Dkt. # 33)) is GRANTED. The Clerk is directed to enter judgment against plaintiff and in favor of defendants.

1    Dated this 28th day of March, 2014.

2
     /s/ Robert S. Lasnik
3    Robert S. Lasnik
     United States District Judge